UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NANCY E. CROCKET, individually & as administrator of the Estate of FRANCIS P. CROCKET | : | DOCKET NO. 06-1019 |
| VS. | : | JUDGE MINALDI |
| WAL-MART LOUISIANA, L.L.C., ET AL. | : | MAGISTRATE JUDGE WILSON |

## ORDER

This matter was removed to federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The court has reviewed the complaint and the notice of removal and has concluded that it is facially apparent that the requisite jurisdictional amount is in controversy. *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).[1]

Also before the court is plaintiff's motion to remand. [doc. # 8]. One of the issues raised by the motion is whether plaintiff has any reasonable possibility of recovery against the non-diverse defendant. The Fifth Circuit has noted that, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v.*

---

[1] In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893(as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in her state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

*Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990).

Accordingly, parties are hereby notified that if, *and only if*, we find that plaintiff has no possibility of recovery against the non-diverse defendant, then we will also enter summary judgment *sua sponte* in favor of said defendant. On, or before July 28, 2006, the parties may submit any additional briefs and/or competent summary judgment evidence as to this issue.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on July 13, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE