# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NANCY E. CROCKETT, individually, and as administrator of the estate of FRANCIS P. CROCKETT** | : | **DOCKET NO. 06-1019** |
| **VS.** | : | **JUDGE MINALDI** |
| **WAL-MART LOUISIANA, L.L.C., ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's Motion to Remand [doc. # 8].[1]

### Background

Francis P. Crockett was injured on May 18, 2005, when he tripped over the power cord to a motorized handicap shopping cart while dismounting the cart at the Nelson Road Wal-Mart store in Lake Charles, Louisiana. (Petition, ¶ 2). As a result, Crockett suffered severe, painful and disabling injuries until his subsequent death. *Id*. at ¶ 6. On May 18, 2006, Crockett's surviving spouse, Nancy E. Crockett filed the instant suit, individually and as administrator of her husband's estate against Wal-Mart Louisiana, L.L.C., and the store manager, Jeremy B. Sanders, in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Plaintiff's suit seeks recovery for damages stemming from the May 18, 2005, accident. (Petition, ¶¶ 6-8).

On June 16, 2006, Wal-Mart removed the case to federal court on the basis of diversity

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

jurisdiction. 28 U.S.C. § 1332. Plaintiff is a Louisiana domiciliary. (Notice of Removal, ¶ 6). Wal-Mart is a Delaware corporation, with its principal place of business in Arkansas. *Id*. Wal-Mart does not contend that defendant, Jeremy Sanders is diverse from plaintiff. Instead, Wal-Mart argues that plaintiff has not stated a cause of action against Sanders, and that he was improperly joined to defeat removal. (*See*,"Petition for Removal," ¶ IV). Plaintiff disagrees with Wal-Mart's assessment of her claims against Sanders, and on July 10, 2006, filed the instant motion to remand due to incomplete diversity and because Sanders failed to join in the removal.

On July 13, 2006, the undersigned issued an order notifying the parties that if the court found that plaintiff had no reasonable possibility of recovery against Sanders, then summary judgment would be recommended *sua sponte* in favor of said defendant. Parties were invited to file any additional briefs and/or competent summary judgment evidence addressing the relevant issue(s). The delays have expired, and the matter is now before the court.

## Improper Joinder

Once a case has been removed, the burden lies with the removing party to prove that the court has jurisdiction to decide the claim. *Jernigan v. Ashland Oil Inc*. 989 F.2d 812, 815 (5th Cir. 1993)(citing, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). If jurisdiction is alleged on the basis that non-diverse parties have been improperly joined, then the removing party must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by*, *Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). In the case *sub judice*, there are no allegations of actual

2

fraud. Accordingly, our focus is the second basis for improper joinder. *See, Travis, supra.*

In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the in-state/non-diverse defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against the in-state/non-diverse defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the in-state/non-diverse defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[2] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete (and/or removal is improper), and remand is required. *Id.*

Discussion

Louisiana law provides that in certain circumstances a corporate officer or employee may be held individually liable for injuries to third persons. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994)(citing, *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973)). The liability may be

---

[2] In other words, facts that can be easily disproved if not true. *Id.*

imposed on such individuals even if the duty breached arises solely from the employment relationship. *Ford*, 32 F.2d at 936. Liability may be imposed on a supervisor under the following conditions:

1.  The principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought.

2.  This duty is delegated by the principal or employer to the defendant.

3.  The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances-whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of the duty.

4.  With regard to the personal (as contrasted with the technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages. If the defendant's general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.

*Ford*, 32 F.3d at 936; (citing, *Canter*, 283 So.2d at 721).

A petition which fails to state any specific actionable conduct on the part of a non-diverse defendant does not satisfy the liberalized requirements of notice pleading such as to state a valid cause of action. *See*, *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 263 (5th Cir. 1995). The instant petition

does not contain any allegations suggesting that Wal-Mart had delegated to Sanders any duty that the store owed to plaintiff. (*See*, Petition, ¶ 5). As previously noted, Sanders cannot be held liable simply because of his general administrative responsibilities. Thus, the petition fails to allege a valid cause of action against Sanders.

Even if plaintiff had stated a cause of action against the non-diverse defendant, removing defendant has adduced uncontroverted evidence that Sanders was not involved in the daily maintenance or repair of the motorized shopping carts. (Sanders Affidavit; Def. Exh. D). Moreover, Sanders had no personal knowledge that Crockett was in the store or that he was using a motorized cart. *Id*. Sanders also had no personal knowledge of the position of the motorized cart's electric cord immediately before Crockett's accident. *Id*. In sum, plaintiff has no reasonable possibility of recovery against Sanders.

Having found that plaintiff has no reasonable possibility of recovery against the non-diverse defendant, his presence must be disregarded for purposes of determining diversity. The remaining parties are completely diverse. We may properly exercise subject matter jurisdiction. 28 U.S.C. § 1332.[3]

As noted by the Fifth Circuit, "[s]ummary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir.1990). Having found that plaintiff has no reasonable possibility of recovery against defendant, Jeremy B. Sanders, it is appropriate to enter summary judgment in favor of said defendant, dismissing with prejudice plaintiff's claims against him.

---

[3] We note that plaintiff additionally sought remand because Sanders did not join in the removal. However, improperly joined defendants need not consent to removal. *See, Jernigan v. Ashland Oil Inc*. 989 F.2d 812, 815 (5th Cir. 1993).

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 8] be DENIED.

IT IS FURTHER RECOMMENDED that judgment be entered in favor of defendant, Jeremy B. Sanders, dismissing with prejudice plaintiff's claims against said defendant only.

Under the provisions of 28 U.S.C. §636(b)(1)(c), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on August 21, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE