RECEIVED
IN LAKE CHARLES, LA

JUN 16 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| NANCY E. CROCKET | : | DOCKET NO. 2:06-cv-1019 |
| VS. | | MAGISTRATE JUDGE KAY |
| WAL-MART LOUISIANA, ET AL. | : | |

## MEMORANDUM RULING

Presently before the court is a Motion for Summary Judgment filed by defendants Assembled Products Corporation ("Assembled Products") and its insurer, Valley Forge Insurance Company ("Valley Forge"). Defendants seek summary dismissal of all claims against them. Pursuant to the reasoning herein, defendant's Motion must be granted.

### Background

Plaintiff Nancy Crocket filed suit individually and as administrator on behalf of the estate of Francis P. Crocket in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana on May 18, 2006. In the original petition, plaintiff named Wal-Mart Louisiana, LLC and a Wal-Mart store manager, Jeremy B. Sanders.[1] Doc. 1. Plaintiff alleged that Francis Crocket, now deceased, was an invitee of the Wal-Mart Store No. 1204 in Lake Charles, Louisiana and that while attempting to exit a motorized handicap shopping cart Francis Crocket tripped over a power cord attached to the cart. *Id.* Plaintiff alleged that the accident was caused by the negligence of the named defendants. *Id.*

On February 8, 2008, plaintiff filed a Motion for Leave to File Amended Complaint.

---

[1] Claims against Jeremy Sanders were dismissed with prejudice by order of the court on September 29, 2006. Doc. 16.

1

Doc. 33. Leave was granted on February 12, 2008. Doc. 34. By the Amended Complaint, plaintiff added as defendants Assembled Products and its insurer Valley Forge.[2] Plaintiff alleges that Assembled Products manufactured, designed tested , inspected, serviced, and distributed into the stream of commerce the Mart Cart X Ti 12. Doc. 35, ¶ 3A. Plaintiff further alleges that Assembled Products failed to properly design, manufacture, and test the cart and that these failures directly and proximately caused injuries to Francis Crocket. *Id.* ¶ 3B. Through the Amended Complaint plaintiff asserts that Assembled Products expressly warranted that the cart was merchantable and reasonably fit for its ordinary purpose and that due to design and manufacturing defects Assembled Products breached that warrant directly and proximately causing the injuries to Francis Crocket. *Id.* at ¶¶ 3C, 3D. Finally, plaintiff alleges that at the time Assembled Products designed, manufactured, and sold the Mart Cart X Ti 12, the cart was more dangerous than an ordinary consumer would expect in the course of its reasonable foreseeable use. *Id.* ¶ 3E.

Thus, plaintiff asserts negligence on the part of Assembled Products as follows:

> 1. In designing and manufacturing a motorized handicap shopping cart which was dangerous and unsafe;
>
> 2. In failing to properly design and inspect the Mart Cart X Ti 12 prior to distribution;
>
> 3. In failing to warn potential buyers and users of the dangerous nature of the design of the Mart Cart X Ti 12 and the possibility of the tripping hazard due to the unsafe, non-retractable electrical cord attached to it;
>
> 4. In negligently representing the said motorized handicap shopping cart to be safe, especially for the use by disabled persons, when in fact it was unsafe, defective and unreasonably dangerous;

---

[2] Plaintiff also added another insurance company, St Paul Fire & Marine Insurance Company. Plaintiff dismissed this defendant by a Joint/Voluntary Motion to Dismiss. Doc. 47; Doc. 48.

> 5. In distributing the motorized handicap shopping cart which was unreasonably dangerous and defective in design and manufacture for its intended use by disabled persons;
>
> 6. In failing to design a proper retractable electrical cord for the Mart Cart X Ti 12 to prevent tripping hazards by the disabled users of the cart.

*Id.* ¶ 3F.

On March 16, 2009, defendants Assembled Products and Valley Forge filed a Motion for Summary Judgment seeking summary dismissal with prejudice of all claims against them. Doc. 58. Plaintiff filed a response on May 15, 2009, but in the response makes no attempt to controvert the fact, law, or argument made by Assembled Products and Valley Forge. Doc. 62. Defendant Wal-Mart sought and was granted an extension of time, until May 15, 2009, to file a response to the Motion for Summary Judgment. Doc. 60. However, Wal-Mart submitted no response.

## **Relevant Facts**

Defendants Assembled Products and Valley Forge submit the following facts. As previously noted, defendant Wal-Mart submitted no briefing on the instant Motion for Summary Judgment. Plaintiff, though filing a "response" to defendants' motion does not dispute the facts or law as set out herein.

Assembled Products and Valley Forge admit that Assembled Products manufactures and sells electric carts and sold the cart at issue to Wal-Mart for use in its stores. Doc. 58-2, at 1. The carts are charged by plugging a connected cord into a 220 volt power source. *Id.* The units are manufactured with three cord options: retractable, curly, or straight. *Id.* When Wal-Mart ordered the cart, it specifically rejected the retractable cord option and opted instead for the curly

cord option. *Id.* In support, defendants Assembled Products and Valley Forge submit Wal-Mart's Bid Specification, in which it is noted that "a retractable cord is not acceptable" and that the power cord is to be of a coiled design. Doc. 58-5. Defendants Assembled Products and Valley Forge further allege and support by evidence that at some point after the cart was in the exclusive care, custody, and control of Wal-Mart, its coiled power cord was replaced with a straight cord of a design not provided by Assembled Products. Doc. 58-7, at 3-4 (Answer to Interrogatory No. 6); *see also* Doc. 58-6, at 106 (Deposition of Dr. Gary Nelson) ("Q. Do you know who took the curlycue off and put the straight cord on? A. It's my understanding that Wal-Mart did because there's no order form for a replacement. And it's kind of a natural thing; they may have even got it off their shelf.").

Defendants Assembled Products and Valley Forge note that plaintiff retained the services of Dr. Gary Nelson for the purpose of providing expertise on the issue of safety in relation to the instant litigation. During deposition, Dr. Nelson opined that the accident underlying this lawsuit almost certainly would not have occurred had the curly cord not been replaced with the straight cord; "so [Wal-Mart] replaced [the curly cord] with a cord that is significantly associated with a much higher risk of injury." Doc. 58-6, at 83, 109-10 (Deposition of Dr. Gary Nelson).

## Standard of Review

According to Fed. R. Civ. P. 56, summary judgment should be granted when the movant demonstrates that no issue of material fact exists and that the movant is entitled to judgment as a matter of law. It is the movant's initial burden to inform the court of the basis for its motion and to identify those portions of the pleadings, depositions, and answers to interrogatories, admissions on file and affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91

L. Ed. 2d 265 (1986). Once a proper motion has been made, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325, 106 S. Ct. at 2553-54, 91 L. Ed. 2d 265).

## Discussion

Defendants Assembled Products and Valley Forge argue that as a matter of law they are not liable to plaintiff.

Defendants Assembled Products and Valley Forge argue that, in substance, plaintiff claims that Assembled Products offered a defective cart due to an unsafe, non-retractable electric cord. These defendants note, however, that Assembled Products offered for sale to Wal-Mart a cart with a retractable cord which was rejected by Wal-Mart in favor of a curly cord design. However, prior to the incident underlying this suit, Wal-Mart replaced the curly cord with a straight cord. Defendants Assembled Products and Valley Forge argue that plaintiff cannot prevail against them because they cannot meet the prerequisites for recovery under the Louisiana Products Liability Act (LPLA).

"To recover under the LPLA, plaintiffs must establish that their damages 'were proximately caused by a characteristic of the product that renders it unreasonably dangerous,' and that their damages 'arose from a reasonably anticipated use of the product.'" *Broussard v. Procter & Gamble Co.*, 517 F.3d 767, 769 (5th Cir. 2008) (quoting La. Rev. Stat. § 9:2800.54(A)). A plaintiff must prove "not only causation in fact, but also that the product defect was 'the most probable cause' of the injury." *Wheat v. Pfizer, Inc.* 31 F.3d 340, 342 (5th Cir. 1994) (quoting *Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 311, 311 n.9, 312 (5th Cir. 1990)).

Defendants Assembled Products and Valley Forge submit that in the instant case the product it manufactured was not the most probable cause of plaintiff's injury because Wal-Mart specifically rejected the retractable cord design and replaced the curly cord it ordered with a straight cord. These defendants note that plaintiff's expert admits the accident likely would not have occurred if Wal-Mart had not replaced the curly cord.

Defendants Assembled Products and Valley Forge further argue that the cart manufactured by Assembled Products was misused. According to Louisiana Revised Statute 9:2800.53(7), "reasonably anticipated use" as the term is used in Louisiana Revised Statute § 9:2800.54(A) means "a use or handling of a product that the product's manufacturer should reasonably expect of an ordinary person in the same or similar circumstances." A plaintiff bears the burden of showing that the injury suffered resulted from a reasonably anticipated use of a product. *Ellis v. Weasler Eng'g Inc.*, 258 F.3d 326, 331-32 (5th Cir. 2001). Related to the facts at issue here, "[t]he manufacturer's duty to anticipate that users may replace worn out parts does not include the risk of improper or substandard repair." *Ford v. Beam Radiator, Inc.*, 708 So.2d 1158, 1161 (La. App. 1 Cir. 1998) (citing *Hoyt v. Wood/Chuck Chipper Corp.*, 651 So.2d 1344, 1352 (La. App. 1 Cir. 1995)); *see also Goins v. Galion Mfg. Co.*, 626 So.2d 1200, 1204 (La. App. 3rd Cir. 1993); *Frey v. Travelers Ins. Co.*, 271 So.2d 56 (La. App. 4th Cir. 1972).

Defendants Assembled Products and Valley Forge assert that Wal-Mart's replacement of the curly cord it requested with a straight cord and the method of cord storage in the instant matter, in which the cord was strung from the back of the cart around the side and tied off on the front basket constituted misuse of the electric cart manufactured by Assembled Products.

Finally, defendants Assembled Products and Valley Forge assert that plaintiff's allegation that Assembled Products failed to warn is without merit. According to Louisiana law, "[a]n

6

essential element of a plaintiff's cause of action for failure to adequately warn of a product's danger is that there be some reasonable connection between the omission of the manufacturer and the damages which the plaintiff has suffered." *Gray v. Cannon*, 807 So.2d 924, 929 (La. App. 5 Cir. 2002) (citing *Bloxom v. Bloxom*, 512 So.2d 839, 850 (La.1987); *Ballam v. Seibels Bruce Ins. Co.*, 712 So.2d 543, 550 (La. App. 4 Cir. 1998)). "Additionally, those who are 'sophisticated users' of a product may be presumed to know about the danger presented by the product due to their familiarity with it." *Welch v. Technotrim, Inc.*, 778 So.2d 728, 735 (La. App. 2 Cir. 2001) (citing *Mallery v. Int'l Harvester Co.*, 690 So.2d 765 (La. App. 3d Cir. 1996); *Johnston v. Hartford Ins. Co.*, 623 So.2d 35 (La. App. 1st Cir. 1993)).

Assembled Products and Valley Forge argue that Assembled Products sold Wal-Mart a product plaintiff's expert admits was safe as sold. These defendants further submit that plaintiff's expert admitted the product became unsafe when Wal-Mart misused the product by replacing the curly cord it requested with a straight cord. Assembled Products and Valley Forge assert that there is no reasonable connection between the alleged failure to warn of a tripping hazard and safe storage of the product as sold and the damages to the plaintiff. Assembled Products and Valley Forge also submit that Wal-Mart is a sophisticated user of the electric cart. These defendants assert that Assembled Products had no duty to warn Wal-Mart of proper storage methods for a straight cord when it sold Wal-Mart a unit with a curly cord.

As previously noted, Wal-Mart filed no response to the instant Motion for Summary Judgment.

Plaintiff's Memorandum in Response to Assembled Product Corporation's Motion for Summary Judgment [doc. 62] has the characteristics of a memorandum of no opposition. Rather than attempting to controvert the evidence and argument submitted by Assembled Products and

Valley Forge, plaintiff's brief instead cites fact and argument regarding the liability it alleges on the part of defendant Wal-Mart. In a section entitled "Wal-Mart Altered the Cord of the Electric Cart," plaintiff echoes the arguments advanced by defendants Assembled Products and Valley Forge. Plaintiff alleges that it is undisputed that at some time after delivery of the cart to Wal-Mart, while it was in Wal-Mart's exclusive care, custody and control, Wal-Mart replaced the "safer" curly cord with a "dangerous" straight cord that caused the accident. Doc. 62-1, at 3. Plaintiff admits "Wal-Mart specifically rejected a retractable cord for this cart and ordered a curly cord on the cart." *Id.* As argued by Assembled Products and Valley Forge, plaintiff also alleges that "Wal-Mart's alteration of the Assembled Products Corporation's cart is a misuse of the electric cart and this modification and misuse directly caused Mr. Crocket's fall and injury" and admits that her own expert found that "the accident would not have occurred if the curly cord had not been altered by Wal-Mart." *Id.* at 4. Finally, plaintiff acknowledges "[f]rom the discovery in the case, it appears clear that Wal-Mart did not have the electric cart repaired by Assembled Products Corporation, nor did Wal-Mart consult with Assembled Products Corporation before replacing this cord with a straight cord." *Id.*

Regardless of the arguments advanced by plaintiff as to the liability of defendant Wal-Mart through her "response," it is apparent that neither plaintiff nor Wal-Mart contest the facts cited by defendants Assembled Products and Valley Forge in support of judgment in their favor. Accordingly, the court finds there is no genuine issue of fact regarding the allegations made by plaintiff against defendants Assembled Products and Valley Forge. Further, these defendants have shown that they are entitled to judgment as a matter of law.

## Conclusion

For the reasons stated herein, the Motion for Summary Judgment filed by defendants

Assembled Products and Valley Forge [doc. 58] is GRANTED and the claims stated by plaintiff's Complaint against these defendants are DISMISSED WITH PREJUDICE.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on this 16th day of June, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE